**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

UARON MASON,                                                                                          PLAINTIFF
ADC #100269

v.                                                   1:13CV00071-JLH-JTK

EDWARD HARRISON, et al.                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff Mason is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants improperly confiscated a knee brace he was authorized to use, and asks for monetary relief. Defendants Harrison and Hobbs were dismissed on September 17, 2013 (Doc. No. 16).

This matter is before the Court on Defendant Baker's Motion for Summary Judgment (Doc. No. 65). Plaintiff responded to Defendant's Motion (Doc. No. 70), and Defendant filed a Reply (Doc. No. 72).

In his Complaint, Plaintiff states on May 4, 2013, he was taking a shower while officers conducted a shake down of his cell. (Doc. No. 2-1, pp. 4-5.) Officer Gay confiscated three religious books and a piece of black rubber identified by Plaintiff as his knee brace. (Id., p. 5.) When Plaintiff asked for return of the knee brace, Officer Gay stated he would check with Defendant Baker. (Id.) Plaintiff then explained to Defendant Baker that the rubber brace was part of a two-piece medical device for his left leg/knee, and showed Baker a copy of a medical review which

showed his physical restrictions. (Id.) Baker, however, refused to return the rubber brace, until the end of Plaintiff's 48-hour relief period. (Id.) Plaintiff claims that he suffered pain during the three days he was without his knee brace. (Id., p. 6.)

## II. Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

### A. Undisputed Facts

According to the mostly undisputed facts set forth by the parties, Defendant Baker was not the officer who initially confiscated the knee brace from Plaintiff's cell. (Doc. No. 65-1, p. 15.) Plaintiff also admitted in his deposition that at the time he did not have a script from the medical office which permitted the brace; although the brace was confiscated, he was still permitted to use

the leg sleeve. (Id., pp. 16, 19, 30.) Plaintiff claims an ADC policy requires Baker to be familiar with his medical records and conditions, and that he suffered pain during the three days he was deprived of the brace. (Id., pp. 19, 31-33.) Although a new brace was prescribed on May 29, 2013, he did not receive it until July 29, 2013. (Id., pp. 31, 42.)

According to the grievance Plaintiff filed about the incident, the brace which was confiscated was not in good repair and had been altered, but was returned after it was checked for contraband. (Doc. No. 65-1, p. 45.)

### B. Official Capacity Claim

The Court agrees with Defendant that Plaintiff's damages claims against him in his official capacity should be dismissed, pursuant to sovereign immunity. Will v. Michigan Dept. Of State Police, 491 U.S. 58, 65 (1989); Murphy v. State of Arkansas, 127 F.3d 750, 755 (8th Cir. 1997).

### C. Qualified Immunity

Defendant also moves for summary judgment based on the doctrine of qualified immunity, noting that many of Plaintiff's allegations against him are based on his supervisory position, and therefore, not actionable in a claim filed pursuant to § 1983. Furthermore, Plaintiff fails to provide evidence to support his claim that Defendant subjectively knew of, but deliberately disregarded a serious medical need. See Estelle v. Gamble, 429 U.S. 97 (1976); Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010).

Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a

question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether Defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Furthermore, in order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendant acted with deliberate indifference to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson v. Correctional Medical Services, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).

Upon close review of the parties' submissions, the Court finds no evidence to show that Defendant Baker acted unreasonably under the circumstances. In the Declaration in support of his Motion, Baker notes he is not a physician, has no formal medical training, and does not provide medical care to any of the inmates. (Doc. No. 65-2, p.1.) In addition, he was the supervisor of Plaintiff's area on the day in question, and pills were found hidden in the altered part of the knee brace which was confiscated. (Id., p. 2.) When Baker contacted medical personnel, he was told that Plaintiff was authorized to possess only one knee device, and therefore, he allowed Plaintiff to keep the knee sleeve while he was in administrative segregation. (Id.) The brace portion was then returned to Plaintiff after his review period. (Id.)

In addition, according to the medical records provided by both parties, the only evidence of an authorized knee brace was in the form of a restrictions authorization issued on May 29, 2013 (after the incident), authorizing a knee brace with a patellar cut out. (Doc. No. 65-1, p. 42.) Although Plaintiff claims in his Complaint that he was previously provided medical restrictions, he provides no evidence of a script authorizing a knee brace and sleeve which was effective on the date of the incident. He further acknowledged in his deposition that he did not have a script, but claimed that Baker should have known of his condition, based on an unknown policy which he has never cited or produced.

The Court finds no evidence to show that Plaintiff suffered from a serious medical condition; nor does he provide any evidence to show that Defendant Baker's actions were deliberately indifferent. No one disputes that Baker checked with medical and was told Plaintiff was permitted to possess only one device; based on that information he permitted Plaintiff to retain the leg sleeve,

and the brace itself was returned within three days.  Plaintiff also does not deny that the brace was altered or that pills were found stuck in it; he merely maintains that if the brace was indeed contraband, it would not have been returned to him.  However, no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, establish a violation of a constitutional or statutory right.

**III.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that Defendant's Motion for Summary Judgment (Doc. No. 65) be GRANTED, and Plaintiff's Complaint against Defendant be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 27th day of June, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE